UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT III,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY MARTINEZ DETENTION FACILITY, et al.,<br><br>        Defendants. | Case No. 21-cv-09673 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

      Plaintiff, a pretrial detainee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers of Contra Costa County's Martinez Detention Facility ("MDF"), where he is currently confined. Dkt. No. 1 at 1. Plaintiff was granted leave to file an amended complaint. Dkt. No. 13. The Court dismissed the amended complaint with leave to amend to correct pleading deficiencies against unidentified medical staff. Dkt. No. 17. Plaintiff filed a second amended complaint ("SAC"). Dkt. No. 22.

**DISCUSSION**

**A.**    <u>**Standard of Review**</u>

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

1  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any
2  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
3  upon which relief may be granted or seek monetary relief from a defendant who is immune
4  from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally
5  construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.

**B.**     **Plaintiff's Claims**

Plaintiff names the following as Defendants: (1) Sheriff David O. Livingston; (2) Martinez Detention Facility ("MDF"); (3) Deputy J. Shiffer; (4) Deputy J. Vankleek; (5) Sergeant P. Murphy; (6) Director Sonia Sutherland; (7) Dr. Kaji; and (8) Nurse Jessica. Dkt. No. 22 at 1-2.  This action is based on events that took place at MDF.

Plaintiff claims that on October 18, 2021, he was attacked by numerous inmates whom he believes were Norteno gang members at MDF.  Id. at 4.  Plaintiff claims this attack was caused by Defendant Shiffer who deliberately revealed to other inmates that Plaintiff was a snitch.  Id. at 2-3.  Plaintiff claims Defendant Shiffer acted with deliberate indifference to a substantial risk of harm and failed to protect him.  Id. at 13.  Plaintiff claims Defendants Vankleek and Sgt. Murphy failed to protect him although they were aware of Defendant Shiffer's actions, and knew that Plaintiff feared for his life and that an

2

attack would take place. Id. at 4-5. Plaintiff claims Defendant Vankleek was deliberately indifferent to a substantial risk of harm and safety to Plaintiff. Id. at 13. Plaintiff also claims that Defendant Murphy knew that a "riot" was imminent but failed to act. Id. at 17. Plaintiff claims he suffered various injuries, including chronic pain and memory loss. Id. at 18. Based on these allegations, Plaintiff states a cognizable claim under the Fourteenth Amendment against Defendants Shiffer, Vankleek, and Murphy for their alleged failure to protect. See United States v. Salerno, 481 U.S. 739, 746-47 (1987); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).

Plaintiff also claims Defendant Sheriff David Livingston is liable as the MDF Supervisor who failed to provide adequate training, discipline, and supervision of subordinates which rises to the level of deliberate indifference. Id. at 16-17. Plaintiff's allegations are sufficient to state a claim against Sheriff Livingston under supervisor liability based on the alleged failure to adequately train the subordinates who violated Plaintiff's constitutional rights. See Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011). The allegations are also sufficient to state a claim for municipal liability against MDF under Monell v. Department of Social Services, 436 U.S. 658, 690-691 (1978), against MDF. See also City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

Immediately following the attack, Plaintiff received treatment at the MDF medical clinic from Dr. Kaji. Dkt. No. 22 at 7. Plaintiff claims that Dr. Kaji denied all his requests for ice, pain medication, a pillow, show chair, and cane. Id. He later asked Nurse Jessica for similar items, but she denied Plaintiff's request. Id. Thereafter, he continued to be denied these items by other nurses based on Dr. Kaji and Nurse Jessica's "record of denial." Id. at 8-9. His requests were later granted by Dr. Standish, who apologized for their previous denials of basic and adequate treatment. Id. at 9. Plaintiff claims Defendants Dr. Kaji and Nurse Jessica acted with deliberate indifference to his serious medical needs. Id. at 18-19. These allegations are sufficient to state a Fourteenth Amendment claim for inadequate medical treatment. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)); J.

K. J. v. City of San Diego, 17 F.4th 1247, 1256 (9th Cir. 2021) ("Pretrial detainees in state custody have a constitutional right to adequate medical treatment under the Fourteenth Amendment.") (internal quotation marks and citation omitted).

Lastly, Plaintiff claims Director Sonia Sutherland of the Contra Costa County Detention Health Services breached her duty in failing to provide adequate training, discipline, and supervision on members of her department which has risen to the level of deliberate indifference. Dkt. No. 22 at 19. Plaintiff claims her subordinates customarily disregard complaints of pain and visible injuries, and that his suffering for lack of proper medical care could have been avoided but for her failure to train. Id. at 20. These allegations are sufficient to state a claim for supervisor liability against Defendant Sutherland. See Starr, 652 F.3d at 1208.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto, Dkt. No. 22, and a copy of this order upon **Defendants Martinez Detention Facility, Sheriff David O. Livingston, Deputy John Shiffer, Deputy J. Vankleek, Sgt. P. Murphy, Director Sonia Sutherland, Dr. Kaji and Nurse Jessica** at the Martinez Detention Facility (901 Court Street, Martinez, CA 94553). The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that

4

pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

     6.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**   March 13, 2023

EDWARD J. DAVILA
United States District Judge