1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7   JOEL TOLBERT III,

              Plaintiff,

8

9         v.

10

11  CONTRA COSTA COUNTY, et al.,

              Defendants.

12

13

Case No. 21-cv-09673 EJD (PR)

**ORDER OF SERVICE ON DEFENDANT MURPHY; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

14        Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42

15  U.S.C. § 1983 against officers at the Contra Costa County's Martinez Detention Facility,

16  where he was formerly confined.  The second amended complaint is the operative

17  complaint in this action.  Dkt. No. 22.  When settlement proceedings were unsuccessful,

18  the Court ordered Defendants to resubmit their motion to dismiss.  Dkt. No. 27.  The Court

19  later ordered Plaintiff to provide more information for unserved Defendant Sgt. P. Murphy,

20  and requested County Counsel to provide the current employment status and last known

21  address for Defendant Murphy.  Dkt. No. 84.

22        Pursuant to a court order, County Counsel subsequently filed information respecting

23  Defendant Murphy's last known home address under seal.  Dkt. No. 87.  Accordingly, the

24  Court will order service of this matter on Defendant Murphy at the address provided by

25  County Counsel.

26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for
Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy
of the second amended complaint, Dkt. No. 22, all attachments thereto, a copy of the
"Order of Service," Dkt. No. 24, and a copy of this order upon Defendant P. Murphy at the
address filed under seal by County Counsel.  Dkt. No. 87.  **The Clerk shall ensure that
the address is not disclosed to Plaintiff or the public.**  The Clerk shall also mail a copy
of this order to Plaintiff.

Defendant Murphy may want to contact the **Office of the Contra Costa County
Counsel,**[1] who is representing the other defendants in this action, for the purpose of
obtaining representation in this matter.

2.      Defendant Murphy is cautioned that Rule 4 of the Federal Rules of Civil
Procedure requires them to cooperate in saving unnecessary costs of service of the
summons and the amended complaint.  Pursuant to Rule 4, if Defendant, after being
notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the
summons, fail to do so, they will be required to bear the cost of such service unless good
cause shown for their failure to sign and return the waiver form.  If service is waived, this
action will proceed as if Defendant had been served on the date that the waiver is filed,
except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file
an answer before **sixty (60) days** from the day on which the request for waiver was sent.
(This allows a longer time to respond than would be required if formal service of summons
is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver
form that more completely describes the duties of the parties with regard to waiver of
service of the summons.  If service is waived after the date provided in the Notice but
before Defendant has been personally served, the Answer shall be due sixty (60) days from

[1] https://www.contracosta.ca.gov/1370/County-Counsel

the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.     No later than **ninety-one (91) days** from the date this order is filed, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

 a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

 b.     **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

4.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  <u>See Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** May 17, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

4